UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GIOVANI JIMENEZ,<br>    Petitioner,<br><br>v.<br><br>R. STOVER, WARDEN FCI DANBURY,<br>    Respondent. | :<br>:<br>:<br>:<br>:<br>:   Case No. 3:23-cv-1126 (OAW)<br>:<br>:<br>:<br>:<br>: |

### RULING ON PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241

The petitioner, Giovanni Jimenez ("Petitioner"), is a sentenced federal inmate in the custody of the Bureau of Prisons ("BOP") currently housed at FCI-Danbury. Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ¶ 1–2, ECF No. 1 ("Pet.").

The petition was filed pursuant to 28 U.S.C. § 2241, challenging Petitioner's allegedly unconstitutional disciplinary finding of guilt for a BOP Code 108 violation (Possessing a Hazardous Tool—Cell Phone) and his resultant sanctions of forty-one days of lost good time credit, thirty days in disciplinary segregation, and a six-month loss of commissary and telephone privileges. *See id.* ¶ 6. Petitioner requests the court to order (1) expungement of his incident report and (2) restoration of his good time credit taken away as result of the disciplinary hearing. *See id.* ¶ 15.

In its response to this court's order to show cause, Respondent argues that the disciplinary proceedings complied with Fifth Amendment due process standards. *See generally* Resp't Warden's Resp. to Show Cause Order, ECF No. 11 ("Resp.").

For the foregoing reasons, the Petition for Section 2241 habeas relief is **DENIED.**

1

I.   **FACTUAL BACKGROUND**

The following factual background is drawn from the Petition and the underlying disciplinary proceeding records, including the Incident Report, ECF No. 11-2, Notice of Discipline Hearing, ECF No. 11-3, and Discipline Hearing Officer Report, ECF No. 11-5.

On January 23, 2023, Petitioner was charged by BOP Correction Officer Bennett for violating BOP Code 10, Possessing a Hazardous Tool—Cell Phone.  Incident Report 2, ECF No. 11-2.  In his incident report, Officer H. Bennett stated:

> At approximately 1:09 p.m., I was conducting a round in the housing unit at the SCP.  I witnessed inmate Jimenez, Giovani #18230-030 rubbing his hand along the bottom, outer edge of his locker door, G01-107L.  I asked him if everything was okay.  He did not respond but started fumbling with items on the bottom shelf of his locker, attempting to avert my attention.  I then saw his bunkmate Abbas, Reyad #78099-112, assigned to GO1-107U, behind the locker door.  I peered around the open locker door and witnessed Abbas reaching below the desk towards the trash can.  I asked him what he was doing, he did respond but I heard a noise as if he had dropped something.  I instructed both inmates to leave the bunk area. I removed the trash can from underneath the desk and found a black, Samsung smartphone with AT&T SIM 83012803320772566170.  The phone has a sealed backing therefore the MEID number could not be retrieved.  I asked inmate Abbas who the phone belonged to, he stated, That[']s his.  I just got here.  The SIS Lieutenant and Captain were notified.  Inmate Jimenez and inmate Abbas were escorted to SHU.  The phone was taken to SIS for further processing.

*Id.*  Officer Reaves delivered the incident report to Petitioner at 4:10 p.m. on January 23, 2023.  *Id.*

A Notice of Discipline Hearing Form ("Notice Form") shows Petitioner's signature dated January 24, 2023.  Notice of Discipline Hr'g Before the DHO 2, ECF No. 11-3. The Notice Form also indicates that Petitioner was advised that he was entitled to have a full-time staff member represent him at the hearing and to call witnesses and present

2

documentary evidence on his behalf at the hearing. *See id.* However, Petitioner declined assistance from a staff representative and to call witnesses at his disciplinary hearing. *See id.* An Inmate Rights at Discipline Hearing Form—explaining Petitioner's rights for his disciplinary proceedings—also shows Petitioner's signature dated January 24, 2023. Inmate Rights at Discipline Hr'g 2, ECF No. 11-4.

Petitioner's disciplinary hearing before a Disciplinary Hearing Officer ("DHO") took place on February 2, 2023. Discipline Hr'g Officer Report 2, ECF No. 11-5. The Discipline Hearing Officer Report indicates that Petitioner received advance written notice of the charge on January 23, 2023, was advised of his rights on January 24, 2023, waived his right to a staff representative, and did not request any witnesses. *See id.*

The DHO noted Petitioner's statement translated by an interpreter as follows:

> When given the opportunity to make a statement you said, the cellphone doesn't belong to me. I don't know how it got there. I was standing by the locker and Ms. Bennett was standing there, told him to step away and then came and looked for him because she found the phone.

*Id.* at 2–3.

The DHO recorded that inmate Abbas made the following statement:

> I was reading my book, I went to the bathroom and when I came back, I saw my celly throw something in the trash. I went to him and asked him what he put in the trash can. He didn't respond to me. He started rubbing the bottom of the locker and I was gesturing towards the trash can. Then I saw Ms. Bennett. He nudged the trash can further under the desk. I was gesturing towards the trash can. She told us to leave so she could search the area. She asked who the phone belonged to[], and I said it was his.

*Id.* at 3.

The DHO considered the incident report, a photograph depicting the black Samsung cellphone and SIM card, and the statements from both Petitioner and inmate

Abbas.  *See id.* at 3–4.  Based on "the greater weight" of this evidence (including "the fact [that] the officer found a cellphone in the common area of [Petitioner's] cell"), the DHO determined that there was "enough information" to support the charged Code 108 violation against Petitioner.  *Id.* at 4–5.  Thus, on February 7, 2023, the DHO issued the determination of Petitioner's guilt and imposed sanctions that included forty-one days of lost good time credit, thirty days in disciplinary segregation, and six months of lost commissary and telephone privileges.  *See id.* at 5.

The Discipline Hearing Report, reflecting the DHO's determination, was delivered to Petitioner on February 8, 2023.  *See id.*

## II.     **DISCUSSION**

Under 28 U.S.C. § 2241(c)(3), a federal prisoner "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas review in federal court.  A petition filed pursuant to § 2241 may challenge the execution of a prison sentence, and such petitions are appropriately used to expunge disciplinary sanctions, including the loss of good time credits, from a prisoner's record.  *See Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001).

The Fifth Amendment to the Constitution of the United States provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  Inmates deprived of good time credit or sanctioned by segregation after disciplinary proceedings are entitled to the "minimum requirements of procedural due process."  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see Wolff v. McDonnell*,

4

418 U.S. 539, 556–57 (1974) (noting that prisoner's good time credits created under state law gave rise to liberty interest).   But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."   *Wolff*, 418 U.S. at 556.   "[T]o comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'"   *Williams v. Menifee*, 331 F. App'x 59, 60 (2d Cir. 2009) (quoting *Hill*, 472 U.S. at 454).

Upon this standard, procedural due process is satisfied if the prison's disposition is supported by "some evidence."   *Hill*, 472 U.S. at 455 ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.").   More specifically, there must be "reliable evidence" supporting the disciplinary ruling. *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004) (construing "some evidence" as "reliable evidence" of inmate's guilt). Likewise, a hearing officer may satisfy the impartiality due process standard if some record evidence supports the findings of the hearing.   See *Leyva v. Warden*, 699 F. App'x. 4, 5 n.2 (2d Cir. 2017).

Here, Petitioner fails to show a viable claim to relief based on a Fifth Amendment due process violation.   He does not claim that he was denied: advance written notice; an opportunity to call witnesses and to present documentary evidence in his defense with

5

a staff representative; or a written statement by the DHO setting forth evidence relied upon and the reasons for the disciplinary action.

Instead, Petitioner challenges his disciplinary proceedings solely on the basis of insufficient evidence to warrant the DHO's finding of guilt and sanctions. *See* Pet. at 1; *see generally* Opp'n. to Resp't's Show Cause Mot., ECF No. 12 ("Pet.'s Resp."). Petitioner argues that the only evidence linking him to the cell phone is the testimony from inmate Abbas, who had a vested interest in protecting himself; and who—in an appeal from his disciplinary finding of guilt for possessing the cellphone—admitted that the cellphone was his and that Petitioner had nothing to do with it. *See* Pet.'s Resp. 2; 5 (administratively appealing the DHO's determination).

The record underlying Petitioner's disciplinary proceedings reflects that some evidence supported the DHO's determination. The "some evidence" due process standard "is extremely tolerant" and can be satisfied based on "*any* evidence in the record" supporting the disciplinary ruling. *Girard v. Chuttey*, 826 F. App'x 41, 46 (2d Cir. 2020) (emphasis in original) (quoting *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004)). The determination of whether the standard of "some evidence" has been met, "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455–56. But "[d]ue process does not permit a hearing officer simply to ratify the bald conclusions of others; it requires some inquiry to determine whether the totality of facts and circumstances reasonably supports the proffered conclusion." *Sira*, 380 F.3d at 80. "[T]he relevant question is whether there is any evidence in the record that could support

6

the conclusion reached by the disciplinary board." *Id.* (quoting *Hill*, 472 U.S. at 454). Thus, a disciplinary determination must be support by some "reliable evidence" of guilt. *Elder v. McCarthy*, 967 F.3d 113,129 (2d Cir. 2020) (quoting *Luna*, 356 F.3d at 488).

Here, the DHO's decision relied in part on the incident report which described Petitioner's conduct at the scene, including "rubbing his hand along the bottom, outer edge or his locker door," failing to respond to her question, and appearing to attempt to divert her attention. Incident Report 2, ECF No. 11-2. In addition, the finding of Petitioner's guilt for the Code 108 violation was supported by evidence that the cellphone was found in a trash can in the bunk area shared by Petitioner and Abbas, and also by the statement from Abbas at the time. *See id.* at 2.

The court concludes that the DHO reasonably interpreted the evidence presented at the hearing as sufficient to warrant the determination of Petitioner's guilt for a Code 108 violation. *See Munteanu v. Lowe*, No. 19-CV-3313(DC), 2023 WL 4564878, at *4 (E.D.N.Y. July 17, 2023) (noting "it can be reasonably expected, in the absence of other evidence, that an inmate will monitor his personal living space to keep it free from contraband") (citations omitted); *see also Giano v. Senkowski*, 54 F.3d 1050, 1055 (2d Cir. 1995) (according "substantial deference to the informed judgment of prison officials on matters of prison administration").

Petitioner's claim that inmate Abbas has since "recanted his testimony," Pet.'s Resp. 2, 5, does not change this analysis. *See Zarzar v. Pullen*, No. 3:23-cv-28(MPS), 2023 WL 7220752, at *4 (D. Conn. Nov. 2, 2023) (finding that DHO decision was supported by some reliable evidence although Petitioner later claimed his guilty plea had

7

been coerced). Consistent with the limited and deferential standard of judicial review of the disciplinary determination, the court cannot question the DHO's credibility assessment or weighing of the evidence presented.[1] See Hill, 472 U.S. at 455–56; Mendez v. Bell, No. 3:16-cv-02123(JAM), 2018 WL 4039321, at *3 (D. Conn. Aug. 23, 2018) (concluding DHO decision was supported by "some evidence" as Petitioner's challenges claims "go to the weight of the evidence relied on by the DHO" and "[i]t is not the province of this Court, given the limited standard of review, to weigh the evidence presented to the DHO").

Accordingly, the court concludes that the record underlying Petitioner's guilty finding and related sanctions reflect that Petitioner received all of the process due for his disciplinary proceeding. Thus, the court denies Petitioner's request for habeas relief.

### III. CONCLUSION

For the foregoing reasons, the Petition under 28 U.S.C. § 2241 is **DENIED.** The clerk respectfully is instructed to please close this case.

Any appeal from this order would not be taken in good faith.

**IT IS SO ORDERED** at Hartford, Connecticut this 29th day of March, 2024.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT COURT

---

[1] Moreover, Petitioner has not authenticated the appeal document attached to his reply, or provided any other evidence to substantiate his claim that Abbas made an admission regarding possession or ownership of the cellphone found by Officer Bennett.